UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LATASHA BLAKE, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.                                        CASE NO. 3:10-cv-1178-J-37JBT

ENHANCED RECOVERY COMPANY,
LLC,

        Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion to Excuse Her Recent Missed Deadline Under Local Rule 4.04, to Extend Time to File Motion for Class Certification Pursuant to Local Rule 4.04(b), and to Conduct Discovery ("the Motion") (Doc. 28). Plaintiff seeks "an extension of approximately 90 days, or as many days as the Court deems appropriate, in which to conduct discovery, obtain meaningful responses, and file her motion for class certification." (*Id.* at 10.) Defendant filed a response in opposition to the Motion. (Doc. 29.) For the reasons stated herein, the Motion is due to be **GRANTED**.

Rule 4.04 of the Local Rules for the Middle District of Florida, which governs class actions, provides, in relevant part, the following:

> Within (90) days following the filing of the initial complaint in such an action, unless the time is extended by the Court for cause shown, the named plaintiff or plaintiffs shall move for a determination under [Federal] Rule 23(c)(1) as to whether the case is to be maintained as a class action. . . . If discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting.

M.D. Fla. R. 4.04(b). Further, Rule 6(b)(1) of the Federal Rules of Civil Procedure

provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A)   with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B)   on motion made after the time has expired if the party failed to act because of excusable neglect.

FED. R. CIV. P. 6(b)(1).

Plaintiff filed the initial complaint in this case on December 23, 2010. (Doc. 1.) Accordingly, pursuant to Local Rule 4.04(b), Plaintiff was required to move for a determination under Federal Rule 23(c)(1) as to whether the case is to be maintained as a class action by March 23, 2011.[1] Plaintiff did not request an extension of this deadline until July 13, 2011. (Doc. 26.)[2] Therefore, the Court must analyze the Motion under the standard set forth in Federal Rule 6(b)(1)(B).

Federal Rule 6(b)(1)(B) "requires a showing of 'excusable neglect' for an extension of a passed deadline." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citation omitted); *see also Seyboth v. Gen. Motors Corp.*, 2008 WL 1994912, at *1 (M.D. Fla. May 8, 2008) (analyzing the plaintiff's motion for extension of time to file a motion for class certification, which was filed after

---

[1] Plaintiff mistakenly concludes that her motion for class certification was not due until June 17, 2011. (Doc. 28 at 5.) Plaintiff bases this conclusion on the fact that she filed her second amended complaint on March 19, 2011. (*Id.* at 4.) However, the calculation of the subject deadline is expressly based on "the filing of the initial complaint." M.D. Fla. R. 4.04(b).

[2] In its Order of July 15, 2011 (Doc. 27), the Court denied Plaintiff's original motion (Doc. 26) for failure to comply with Local Rule 3.01(g). Plaintiff then filed the present Motion on July 15, 2011. (Doc. 28.)

the original deadline, under the "excusable neglect" standard). "[T]he determination of excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999) (citation omitted). "'[E]xcusable neglect' is to be determined by reference to a four-factor test: 'the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 398 (1993)). However, "the absence of prejudice to the nonmoving party" and "the interest of efficient judicial administration" are to be accorded "primary importance." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citation omitted). Moreover, "'excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Walter*, 181 F.3d at 1201 (citation omitted).

In analyzing the factors set forth above, the Court finds excusable neglect. As Defendant does not even argue in its response that it would be prejudiced if the Court were to grant the Motion, the Court finds that there is no danger of prejudice to Defendant. Thus, the first factor weighs in favor of finding excusable neglect. The length of the delay, approximately three and a half months, is significant. However, the impact of the delay on the current proceedings will likely not be significant. Thus, the two "primary" factors weigh in favor of finding excusable neglect.

As to the third factor, the reason for the delay, "'counsel's misunderstanding of the law cannot constitute excusable neglect.'" *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1255 (11th Cir. 2007) (citation omitted) (holding that the district court did not abuse its discretion in refusing to find excusable neglect); *see also Pioneer*, 507 U.S. at 392 ("Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' . . . .").

Plaintiff asserts in the Motion that the subject deadline under Local Rule 4.04(b) "was simply overlooked." (Doc. 28 at 5.) However, upon review of the declarations filed in support, it is clear that the delay was caused, at least in part, by a misunderstanding of the law. In paralegal Maria Carapia's declaration, she states:

> When we filed our initial Complaint, I calendared the first ninety-day deadline at March 22, 2011, but then the Court struck our Complaint, so I deleted this calendar entry. . . . . Upon filing of the next Complaint on February 3, 2011, I re-calendared the ninety-day deadline at May 5, 2011. However, I saw that the Court struck this Complaint as well, so I deleted this calendar entry also. . . . On March 19, 2011, we filed the Complaint once again. This time, I decided to wait to see whether it was struck, prior to calendaring the ninety-day deadline. I was aware that the Court had indicated in its previous Order that it may strike the Complaint without leave to amend. Therefore, I waited to see the next Order. . . . As there was no subsequent Order, I simply forgot to update the ninety-day calendared date.

(Doc. 26-2 at 1-2.) The other declarations filed in support of the Motion are consistent with this explanation. (*See* Docs. 26-1 & 26-3.)[3]

---

[3] The fact that this error may have been committed by a paralegal does not excuse it. It was the attorneys' obligation to ensure that any legal interpretations of deadlines were
(continued...)

4

Contrary to the assumption of Plaintiff's counsel, reflected in the above cited declarations, the filing of an amended complaint does not reset the deadline under Local Rule 4.04(b). *Spinelli v. Capital One Bank*, 2009 WL 700705, at *4 (M.D. Fla. Mar. 14, 2009); *see also Jones v. Hartford Ins. Co.*, 243 F.R.D. 694, 695 (N.D. Fla. 2006) ("To permit an amended complaint to reset the ninety day deadline would frustrate the purpose of Fed.R.Civ.P. 23(c)(1)(A) which requires the court to determine at 'an early practicable time . . . whether to certify the action as a class action.'"). Accordingly, when Ms. Carapia re-calendared the deadline with the filing of the First Amended Complaint, she did so based on a misunderstanding of the law. This was clearly in Plaintiff's control and is not an adequate explanation for the delay. Thus, this factor weighs against finding excusable neglect.

As to the fourth factor, it appears that Plaintiff has acted in good faith. There is no evidence that Plaintiff acted in bad faith, and no reason to believe she wanted the delay or has gained any advantage from it.

Thus, the Court finds that the first, second, and fourth factors weigh in favor of finding excusable neglect, and the third factor weighs against finding excusable neglect. Given Plaintiff's explanation of the reason for the delay coupled with Plaintiff's history of failing to comply with rules of procedure in the relatively short history of this case,[4]

---

(...continued)
correct.

[4] In addition to Plaintiff missing the deadline that is the subject of this Order based in part on a misinterpretation of Local Rule 4.04(b), the Court *sua sponte* struck Plaintiff's initial Complaint and First Amended Complaint, citing a variety of procedural flaws. (*See*
(continued...)

the Court considers this a close question. However, upon consideration of all the relevant factors, the Court finds excusable neglect.

Upon due consideration, it is **ORDERED**:

The Motion (**Doc. 28**) is **GRANTED**. Plaintiff shall have **through November 15, 2011** to file an appropriate motion for a determination as to whether this action is to be maintained as a class action. To the extent leave of Court is required at this juncture, Plaintiff is **GRANTED** leave to take discovery relating to class action issues.[5]

**DONE AND ORDERED** at Jacksonville, Florida, on August 17, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:    Counsel of Record

---

(...continued)
Docs. 1, 4, 5 & 9.)  As noted above, the Court denied Plaintiff's original motion for an extension of the subject deadline (Doc. 26) for failure to comply with Local Rule 3.01(g). (Doc. 27.)  Plaintiff also failed to timely file a case management report, for which the Court entered an order to show cause. (Doc. 30.)

[5] Since the parties have filed their Case Management Report (Doc. 31), the Local Rules allow them to proceed with discovery.  See M.D. Fla. R. 3.05(c)(2), 4.04(b).